IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DALE RENDELL,

    Claimant,

v.                                                                    Civ. No. 14-611 WJ/SCY

CAROLYN W. COLVIN,
*Commissioner of the Social Security Administration*,

    Defendant.

**MEMORANDUM OPINION AND ORDER OVERRULING IN PART AND ADOPTING IN PART THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND REMANDING CASE**

THIS MATTER comes before the Court on the Proposed Findings and Recommended Disposition ("PFRD"), filed September 11 (*Doc. 30*). In the PFRD, the Honorable Steven C. Yarbrough, United States Magistrate Judge for the District of New Mexico, advised the Court to remand this matter for further consideration by the Administrative Law Judge. Claimant did not file objections to the PFRD. Defendant, however, filed timely objections to the PFRD explaining that the Social Security Administration disagreed with the Magistrate Judge's finding that remand was appropriate. *Doc. 31*. With regard to Defendants' objections, the Court has considered the issues raised *de novo* and will adopt in part, and overrule in part, the Magistrate Judge's PFRD. The Court agrees with the Magistrate Judge's ultimate conclusion that remand is appropriate.

**I.    STANDARD OF REVIEW**

After a party objects to the magistrate judge's proposed findings and recommendations, the Court "shall make a *de novo* determination of those portions . . . to which objection is

1

made."[1]  28 U.S.C. § 636(b).  Objections must be made with specificity; general or conclusory objections are insufficient.  *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060-61 (10th Cir. 1996).   "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## II.   ANALYSIS

Claimant's medical history is set forth at length in the Magistrate Judge's PFRD. *See doc. 30* at 1-4. The Magistrate Judge found that the ALJ erred at Step Three of the sequential analysis because the ALJ failed to consider whether Claimant's morbid obesity, combined with his other severe health issues - including COPD, hypoxemia, heart failure, hypertension, and knee pain - could meet or equal a listed impairment. *Id.* at 11-12. Defendant contends that this finding was in error because the ALJ did discuss the Claimant's obesity more extensively elsewhere in the decision, namely at Step Four of the sequential analysis. *Doc. 31* at 3.  Although not cited, Defendant appears to be relying on the Tenth Circuit decision in *Fischer–Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005), which held that an error at Step Three may be harmless if "confirmed or unchallenged findings made elsewhere in the ALJ's decision confirm the step three determination under review." If, however, there are not findings that "conclusively negate the possibility" that a claimant can meet a relevant listing, then the matter must be remanded. *Fischer-Ross*, 431 F.3d at 734; *Murdock v. Astrue*, 458 F. App'x 702, 704 (10th Cir. January 13, 2012). Claimant contends that the relevant listings he could have potentially met are: 1.0 Musculoskeletal System; 3.00 Respiratory System; and 4.00 Cardiovascular System. *Doc. 23* at 10. The Court will consider each in turn.

---

[1] Pursuant to 28 U.S.C. § 636(b)(1), a party may file objections to a magistrate judge's proposed findings and recommended disposition within fourteen days of being served with those findings.  28 U.S.C. § 636(b)(1).

### A.     Listing 1.00 Musculoskeletal System

Claimant asserts that the ALJ should have considered whether he met Listing 1.00 Musculoskeletal System because of the effect his obesity had on his back and knee pain. This listing notes that "loss of function may be due to bone or joint deformity or destruction from any cause; miscellaneous disorders of the spine with or without radiculopathy or other neurological deficits; amputation; or fractures or soft tissue injuries, including burns, requiring prolonged periods of immobility or convalescence." 20 C.F.R. Pt. 404, Subpt. P, App. 1 B1. Here, Claimant's medical records repeatedly indicate that Claimant had no deformities or neurological deficits regarding his back or knees. AR 365-68. Further, there is no indication in the record of amputation, fractures, or other soft tissue injuries that required long periods of bed rest, in spite of Claimant being morbidly obese. AR 448, 455-56. The ALJ further explicitly noted that Claimant's back and knee pain was only transient and that Claimant did not have any apparent deformities or other permanent issues with either his back or his knees. AR 16, 18. These findings conclusively negate the possibility that Claimant can reach or equal a 1.00 listing. Therefore the ALJ's failure to consider Claimant's morbid obesity in combination with his musculoskeletal issues at Step Three was harmless error. *See Fischer-Ross*, 431 F.3d at 735.

### B.     Listing 3.00 Respiratory System

Claimant also contends that the ALJ should have considered whether he met the respiratory system listing based on the effect his obesity has on his chronic obstructive pulmonary disease (COPD) and hypoxemia. *Doc. 23* at 13. Listing 3.02 specifically addresses COPD, noting that a person of Claimant's height (170 centimeters or 5'7") may meet a listing if his forced expiratory volume in 1 second ($FEV_1$) is equal or less than 1.35. Claimant's single

3

$FEV_1$ in the record ranged from 2.57 to 2.64 - clearly above the listing, as Dr. Pallin noted in his RFC report. AR 430, 454. Because a conclusive test result indicates that Claimant cannot meet the COPD listing present in the record, the ALJ's failure to discuss Claimant's obesity in combination with his COPD at Step Three is harmless error.

With regard to Claimant's hypoxemia, listing 3.02C2 requires a person 40 years of age or older, such as Claimant, to have an arterial $PO_2$ of 50 mm/hg or less. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 Listing 3.02C2, 3.09B. Claimant's level at his only respiratory function testing was 57.[2] AR 442. Thus, even with his obesity, objective evidence demonstrates that Claimant does not meet the listing for hypoxemia. Therefore, the ALJ's error in failing to consider his obesity in concert with his hypoxemia at Step Three is harmless.

      C.     **Listing 4.00 Cardiovascular**

Finally, Claimant argues that the ALJ should have considered the effect of Claimant's obesity on his chronic heart failure and hypertension, and whether the cumulative consequences of these conditions allowed him to meet or equal Listing 4.00 Cardiovascular. Listing 4.02 addresses chronic heart failure and refers to Listing 4.00D2, which sets forth the evidence necessary for demonstrating this condition. Evidence of chronic heart failure includes "abnormal cardiac imaging showing increased left ventricular end diastolic diameter (LVEDD), decreased ejection fraction (EF), increased left atrial chamber size, increased ventricular filling pressures measured at cardiac catheterization, or increased left ventricular wall or septum thickness" as

---

[2] There are different values at which the $PO_2$ level is disabling depending on the elevation at which the person is tested. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 Listing 3.02C2 Tables III A, B. Although the Court is not aware at what elevation Claimant was tested, under either metric Claimant's $PO_2$ level surpasses that necessary to meet this listing.

well as edema.[3] Listing 4.02 requires that "left ventricular posterior wall plus septal thickness totaling 2.5 cm or greater on imaging, with an enlarged left atrium greater than or equal to 4.5 cm, with normal or elevated ejection fraction during a period of stability" and, as is relevant here, that the claimant suffer from "dyspnea and fatigue."

Claimant's 2010 echocardiogram shows that Claimant had increased left ventricular wall and septal thickness totaling 2.8 cm, indeterminate filling pressures, markedly dilated left and right atriums (for which no measurement is supplied), and normal to mildly high EF. AR 316-17, 330. Dr. Murray, one of Claimant's physicians, stated that he believed these results indicated heart failure. AR 329, 331. Claimant has also consistently described symptoms of chronic heart failure such as fatigue, shortness of breath and edema.[4] *See*, *e.g.*, AR 500, 513-14, 528-29, 535, 541, 552. Claimant did, therefore, have the clinical results to indicate that he could potentially meet or equal the congestive heart failure listing.

In contradiction to the objective evidence described above, the ALJ stated that Claimant "did not have the degree of occlusion or the findings on stress tests to satisfy the listings." AR 16, 18. The ALJ also failed to consider all the results of the echocardiogram, or physician interpretation of the echocardiogram, in his ruling. AR 16, 18. In light of these facts, the Court must conclude that, had the ALJ appropriately considered the impact of Claimant's obesity at Step Three, Claimant may have met or equaled Listing 4.00 Cardiovascular. The ALJ's failure to account for Claimant's obesity when considering Claimant's cardiovascular condition,

---

[3] Existence of the foregoing does not conclusively establish a claimant will meet a listing. 20 C.F.R. Pt. 404, Subpt. P, App. 1 Listing 4.00Da(i), (iv), Db(ii).

[4] The Court recognizes, of course, that the shortness of breath may be related to Claimant's respiratory illness. But the Court is not in a position to determine whether this symptom is appropriately linked to Claimant's Step Three cardiovascular or respiratory conditions. On remand, the ALJ should address Claimant's shortness of breath as part of his analysis of his respiratory and cardiovascular conditions at Step Three.

therefore, is not harmless and the Court will deny Defendant's objection on this point. *See Dye v. Barnhart*, 180 F. App'x 27 at *3 (10th Cir. May 9, 2006). Because the Court finds that remand is necessary on this point, it will not consider Claimant's remaining argument regarding his hypertension.

**IV.    CONCLUSION**

For the foregoing reasons, the Court sustains Defendant's objections with regard to the Magistrate Judge's findings for Listings 1.00 and 3.00 at Step Three of the sequential analysis. The Court overrules Defendant's objection as to Listing 4.00, and finds that objective evidence in the medical record exists to suggest that it is at least possible that Claimant's congestive heart failure, considered together with his obesity, could meet or equal Listing 4.02.

**IT IS THEREFORE ORDERED THAT:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 30*) is OVERRULED in part and ADOPTED in part.

2. This matter is remanded to Defendant for further consideration.

_____
UNITED STATES DISTRICT JUDGE